# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| ABIGAIL HAYES, both Individually and as Administratrix of the Estate of THOMAS W. MCCORMACK, ) ) ) ) | DOCKET #: _____ |
| Plaintiff, ) |  |
| v. ) | **COMPLAINT** |
| UNITED STATES OF AMERICA, by and through its officers, agents, and employees, and JOHN AND JANE DOES 1-10, ) ) ) ) |  |
| Defendants. ) |  |

NOW COMES the Plaintiff, Abigail Hayes, both Individually and as Administratrix of the Estate of Thomas W. McCormack, by and through her attorneys, Rilee & Associates, P.L.L.C., and respectfully submits the following Complaint, stating in support thereof as follows:

## PARTIES

1. Plaintiff Abigail Hayes is an individual with a mailing address of P.O. Box 280, Bradford, New Hampshire 03221, at all times relevant to the allegations contained herein was the lawful spouse of the decedent, Thomas W. McCormack, a citizen of the State of New Hampshire, and on March 8, 2017 was appointed the Administratrix of the Estate of Thomas W. McCormack, #317-2017-ET-00193 (6th Circuit, Probate Division – Concord).

2. Defendant United States of America (hereinafter "USA") is the owner and operator of the White River Junction Veterans Affairs Medical Center located at 163 Veterans Drive, White River Junction, Vermont 05009 (hereinafter "WRJVAMC").

3. Defendants John and Jane Does 1-10 are as yet unnamed and unknown independent contractor medical providers who provided medical care to Mr. McCormack at WRJVAMC.

## JURISDICTION

4. This Honorable Court has subject matter jurisdiction over this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b).

5. The Plaintiff has complied with 28 U.S.C. §2675 by presenting an administrative claim to the United States Department of Veterans Affairs on March 9, 2017.

6. The Plaintiff's administrative claim was deemed denied on or about September 9, 2017, when the United States Department of Veterans Affairs failed to respond to the administrative claim.

## STATEMENT OF MATERIAL FACTS

7. In June, 2013, Mr. McCormack was diagnosed with early-stage bladder cancer, for which his medical providers at WRJVAMC prescribed Bacilius Calmette-Guerin (hereinafter "BCG") therapy, which is the injection into the bladder of *Mycobacterium bovis*, a germ related to the germ that causes tuberculosis.

8. On July 16, 2013, August 6, 2013, and August 20, 2013, Mr. McCormack received BCG treatments from his medical providers at WRJVAMC.

9. On August 20, 2013, following his BCG treatment, Mr. McCormack became very ill with rigors, fevers, and chills. Mrs. Hayes returned Mr. McCormack to WRJVAMC, where he was admitted, treated and discharged on August 23, 2013 with a diagnosis of "febrile bacteremia following BCG infusion."

10. Over the subsequent nineteen (19) months, Mr. McCormack's health slowly but steadily deteriorated, the cause of which was not determined by any his medical providers at WRJVAMC.

11. On March 10, 2015, following multiple hospitalizations and admission at a skilled nursing facility, Mr. McCormack succumbed to his illness and died.

12. Since Mr. McCormack's medical providers were unable to determine his cause of death, Mrs. Hayes insisted that an autopsy be performed.

13. When the autopsy was completed, WRJVAMC refused to provide a copy of Mr. McCormack's autopsy report to Mrs. Hayes.

14. On July 20, 2015, Mrs. Hayes requested a copy of Mr. McCormack's autopsy report from WRJVAMC under the Freedom of Information Act, 5 U.S.C. §552.

15. On July 28, 2015, WRJVAMC mailed Mrs. Hayes the thirteen (13) page the autopsy report, which revealed that "Mr. McCormack's cause of death was determined to be disseminated Mycobacterium species," resulting in necrotizing abscesses throughout his lungs, his kidneys, and his entire central nervous system.

16. It was upon receipt of the autopsy report that Mrs. Hayes discovered that Mr. McCormack's medical providers at WRJVAMC negligently injected *Mycobacterium bovis* beyond the bladder and directly into Mr. McCormack's body during his BCG cancer treatments in the summer of 2013, failed to timely recognize that they had done so, and thereafter failed to timely and properly diagnose and treat the subsequent infection, thereby causing Mr. McCormack's unfathomable nineteen (19) months of conscious pain and suffering and ultimate death.

## COUNT I
**(Negligence)**

17. The Plaintiff hereby repeats, realleges, and incorporates by reference each and every factual allegation set forth in the preceding Paragraphs as though fully and completely set forth herein.

18. At all times relevant to the allegations contained herein, the Defendant medical providers at WRJVAMC owed Mr. McCormack a duty to exercise reasonable medical care in the discharge of their responsibilities in treating him, including, *inter alia*, the duty to timely and properly diagnose and treat him, and the duty to otherwise provide him care within reasonable and accepted standards of medical care.

19. Despite and in breach of the aforesaid duties, Mr. McCormack's medical providers at WRJVAMC negligently injected live *Mycobacterium bovis* beyond the bladder and directly into Mr. McCormack's body during his BCG cancer treatments in the summer of 2013, failed to timely recognize that they had done so, and thereafter failed to timely and properly diagnose and treat the subsequent infection, thereby causing Mr. McCormack's unfathomable nineteen (19) months of conscious pain and suffering and ultimate death.

20. As a direct and proximate cause and result of the negligence and breaches of duties of care by the Defendant medical providers at WRJVAMC, Mr. McCormack was caused to suffer harm and damages including, but not limited to, severe mental and physical pain, severe and permanent bodily injury, severe conscious pain and suffering and death, the loss of life, and loss of enjoyment of life, and the Plaintiff is entitled to recover damages on behalf of the Estate, as she says, within the minimum and maximum jurisdictional limits of the District Court, plus interest and costs.

## COUNT II
### (Loss of Consortium)

21.     The Plaintiff hereby repeats, realleges, and incorporates by reference each and every factual allegation set forth in the preceding Paragraphs as though fully and completely set forth herein.

22.     At all times relevant to the allegations contained herein, the Plaintiff was the lawfully married spouse of Mr. McCormack, and the person entitled to the care, comfort and services, and consortium of Mr. McCormack.

23.     As a direct and proximate cause and result of the Defendant medical providers' negligence and breaches of duties of care, Mr. McCormack was caused to suffer harm and damages including, but not limited to, severe mental and physical pain, severe and permanent bodily injury, severe conscious pain and suffering and death, the loss of life, and loss of enjoyment of life.

24.     As a direct and proximate cause and result of the Defendant medical providers' acts and omissions as set forth in detail in the preceding Paragraphs, and as a direct and proximate cause and result of Mr. McCormack's death, the Plaintiff lost her familial relationship with her husband Mr. McCormack, including the loss of comfort, society, affection, guidance, and companionship with Mr. McCormack, and is entitled to recover those damages and any and all other damages allowed by law, as she says, within the minimum and maximum jurisdictional limits of the District Court, plus interest and costs.

As discovery is ongoing, the Plaintiff hereby reserves the right to amend this Complaint and hereby states that she waives no other and further claims available to her.

                                        Respectfully submitted,

                                        **ABIGAIL HAYES, BOTH INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF THOMAS MCCORMACK,**

                                        By Her Attorneys,

                                        **RILEE & ASSOCIATES, P.L.L.C.**

Date:   December 1, 2017            By:_____
                                                  Cyrus F. Rilee, III, Esq., #15881
                                                  264 South River Road
                                                  Bedford, NH  03110
                                                  t.  603.232.8234
                                                  f.  603.628.2241
                                                  crilee@rileelaw.com